IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Karen Jenkins, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 8:19-00678-HMH-KFM |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Georgia-Pacific Wood Products, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Karen Jenkins ("Jenkins") alleges that Georgia-Pacific Wood Products, LLC ("Defendant") breached her employment contract, breached her employment contract with fraudulent intent, and engaged in racially discriminatory practices in violation of 42 U.S.C. § 1981. (Compl. generally, ECF No. 1.) Defendant filed a motion for partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for the two breach of contract claims. (Def. Mot. J. Pleadings, ECF No. 15.) Magistrate Judge McDonald recommends granting Defendant's motion. (R&R, ECF No. 20.)

Jenkins filed objections to the Report and Recommendation on September 18, 2019. (Objs., ECF No. 21.) First, Jenkins argues that the magistrate judge improperly considered

---

[1] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

Defendant's code of conduct attached to Defendant's motion for partial judgment on the pleadings and improperly recommended the motion be granted without reviewing the other policies at issue. (Id. at 8-9, ECF No. 21.) Second, Jenkins objects to the magistrate judge's conclusion that there was no specific allegation of fraud separate and apart from the contractual breach itself. (Id. at 9-10, ECF No. 21.) On October 2, 2019, Defendant filed a reply. (Reply, ECF No. 23.) This matter is now ripe for review.

**I. DISCUSSION OF THE LAW**

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts should only grant motions for judgment on the pleadings "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014) (internal quotation marks and citation omitted).

"A Rule 12(c) motion tests only the sufficiency of the complaint []." Id. The complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, the facts alleged must be enough to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the court must accept all of the complaint's allegations as true, this tenet "is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, under Rule 12(b)(6) and 12(c) motions, courts may review "the pleadings, exhibits attached thereto, documents referred to in the complaint that are central to the plaintiff's claims, and other materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." In re MI Windows and Doors, Inc. Prods. Liab. Litig., Nos. 2:12-mn-00001, 2:12-cv-02269-DCN, 2013 WL 3207423, at *2 (D.S.C. June 24, 2013) (unpublished) (internal quotation marks and citations omitted). Thus, courts may consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Phillips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citation omitted).

Jenkins contends that her employment contract, which she claims altered her employment at-will status, consists of Defendant's code of conduct and several other policies. (Compl. ¶¶ 10, 17-18, 20-21, ECF No. 1.) Jenkins did not attach copies of the code of conduct or the other policies to her complaint. However, Defendant attached copies of three versions of the code of conduct, which it alleged were the only versions governing during Jenkins' employment, to its motion for partial judgment on the pleadings. (Def. Mot. J. Pleadings Attach. (2013, 2014, and 2015 codes of conduct), ECF Nos. 15-1, 15-2, 15-3.)

Initially, Jenkins indicated that the magistrate judge should consider Defendant's attached copies of the code of conduct. (Resp. Opp'n Mot. J. Pleadings 2, ECF No. 16.) However, upon the magistrate judge recommending that the code of conduct was not a contract, Jenkins argued that the magistrate judge improperly reviewed the attachments because Jenkins

did not concede the attachments' authenticity. (Objs. 8-9, ECF No. 21.) At oral argument, Jenkins' counsel clarified this authenticity challenge and asserted that he was attempting to argue that the copies of the code of conduct attached to Defendant's motion may not have been all of the applicable versions governing during Jenkins' employment.

Following oral argument, Defendant filed a motion to supplement the record on October 22, 2019 and attached a copy of the 2018 code of conduct, which was omitted as an attachment to Defendant's motion. (Mot. Suppl. R., ECF No. 32.) Jenkins filed a response on October 31, 2019. (Resp. Opp'n Mot. Suppl. R., ECF No. 34.) On November 5, 2019, Defendant filed a reply. (Reply, ECF No. 37.)

Out of an abundance of caution, the court is constrained to deny Defendant's motion for partial judgment on the pleadings at this stage of the proceedings. The court is precluded from considering matters outside of the pleadings without converting this matter to a motion for summary judgment, and the court declines to convert this motion. Additionally, in the complaint, Jenkins alleges that several of Defendant's policies formed an employment contract that altered her employment at-will status and described those policies by their subject-matter. (Compl. ¶¶ 17-18, 21, ECF No. 1.) The court finds that Jenkins has stated a plausible claim for relief on her breach of contract claim.

With respect to Jenkins' claim for breach of contract accompanied by a fraudulent act, in various stages of litigation, courts have found that giving pretextual reasons for a termination was sufficient to find an independent fraudulent act. See, e.g., Parker v. Nat'l Honorary Beta Club, 815 S.E.2d 769, 772 (S.C. Ct. App. 2018) (finding that deceiving someone as to the reasons why she was fired was sufficient to support a jury finding of a fraudulent act); Conner v.

City of Forest Acres, 560 S.E.2d 606, 612 (S.C. 2002) (holding that an employer providing pretextual reasons for a termination, when the employer knew that the reasons were false and did not justify termination for cause, was sufficient to create a genuine issue of material fact as to whether there was a fraudulent act). Jenkins has pled an arbitrary and pretextual denial of a timely performance review and a bad faith termination. (Compl. ¶¶ 28, 30, ECF No. 1.) Jenkins has supported these allegations with contentions of bullying and racial discrimination. (Id. ¶¶ 12-16, 21, ECF No. 1.) Thus, the court finds the complaint to be sufficient.

Therefore, it is

**ORDERED** that Defendant's motion to supplement the record, docket number 32, is granted. It is further

**ORDERED** that Defendant's motion for judgment on the pleadings as to Counts I and II of Jenkins' complaint, docket number 15, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
November 6, 2019